IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRESERVATION SOCIETY OF NEWPORT COUNTY, and SOUTHEAST LIGHTHOUSE FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>*Defendants*,<br><br>and<br><br>SOUTH FORK WIND, LLC,<br><br>*Defendant-Intervenor*. | Case No.: 1:23-cv-03510-APM |

**FEDRAL DEFENDANTS' ANSWER TO PLAINTIFF PRESERVATION SOCIETY OF NEWPORT COUNTY'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Deb Haaland, in her official capacity as Secretary of the Interior ("Secretary"); the United States Department of the Interior ("Department"); and the Bureau of Ocean Energy Management ("BOEM") (collectively, "Federal Defendants"), by and through their undersigned counsel, submit the following Answer to the claims and allegations set forth in the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed by Plaintiff Preservation Society of Newport County ("Plaintiff").

1

Federal Defendants deny any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer. The responses are numbered to correspond to the Paragraph numbers in the Complaint.

## INTRODUCTION

1. The allegations in Paragraph 1 are Plaintiff's description of itself and characterizations of this lawsuit to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny any violation of law.

2. The allegations in Paragraph 2 are characterizations of Plaintiff's claims in this case to which no response is required. To the extent a response is required, Federal Defendants admit that Plaintiff has brought suit alleging violation of law, but deny any violation of law.

3. Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 consist of legal conclusions, to which no response is required. To the extent which a response is required, Federal Defendants deny the allegations.

6. The allegations in Paragraph 6 consist of legal conclusions, to which no response is required. To the extent which a response is required, Federal Defendants deny the allegations.

7. The allegations in Paragraph 7 consist of legal conclusions, to which no response is required. To the extent which a response is required, Federal Defendants admit that venue is proper but deny any remaining allegations.

8. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 8 and, on that basis, deny those

allegations. As to the allegations in the third sentence, Federal Defendants admit that the Preservation Society owns historic properties, deny that the South Fork Wind project will adversely affect any properties, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence.

9. Federal Defendants admit that Deb Haaland is the Secretary of the U.S. Department of the Interior and that she is sued in her official capacity. The remainder of the allegations in Paragraph 9 consists of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

10. Federal Defendants admit the allegations in Paragraph 10.

11. Federal Defendants admit the allegations in Paragraph 11.

12. Federal Defendants admit that Plaintiff participated as a consulting party during the NHPA review process. The remaining allegations in Paragraph 12 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

13. The allegations in Paragraph 13 quote the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 13 are inconsistent with the referenced statute, they are denied.

14. The allegations in Paragraph 14 characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 14 are inconsistent with the referenced statute, they are denied.

15. The allegations in Paragraph 15 characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 15 are inconsistent with the referenced statute, they are denied.

16. The allegations in Paragraph 16 characterize NEPA and its implementing regulations, which speaks for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 16 are inconsistent with the referenced statute and regulations, they are denied.

17. The allegations in Paragraph 17 characterize the National Historic Preservation Act ("NHPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 17 are inconsistent with the referenced statute, they are denied.

18. The allegations in Paragraph 18 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 18 are inconsistent with the referenced statute and regulations, they are denied.

19. The allegations in Paragraph 19 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 19 are inconsistent with the referenced statute and regulations, they are denied.

20. The allegations in Paragraph 20 characterize the NHPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 20 are inconsistent with the referenced statute, they are denied.

21. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny the allegations.

22. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, deny the allegations.

23. Federal Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 are vague and ambiguous as to the Congressional, federal, state, local, or other "steps," and on these bases Federal Defendants deny the allegations.

25. The allegations in Paragraph 25 are vague and ambiguous as they purport to characterize unidentified designations, registrations, and recognitions by the Department of the Interior, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced unidentified designations, registrations, and recognitions, they are denied.

26. The allegations in the first sentence of Paragraph 26 appear to characterize unspecified documents written by BOEM, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those unspecified documents they are denied. Federal Defendants lack knowledge or information sufficient to form a believe as to the truth of the allegations in the second sentence of Paragraph 26, and on that basis deny the allegations.

27. As to the allegations in Paragraph 27, Federal Defendants admit that one of Rhode Island's nicknames is "the Ocean State" and that Newport is one of several locations that have been nicknamed "the City by the Sea." Federal Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence. As to the third sentence, Federal Defendants admit that Newport contains National Historic Landmark homes and other historic sites, that Brenton Point and the Cliff Walk are located in Newport

and have views of the ocean, and that the Sachuest National Wildlife Refuge is located near Newport and has ocean views. As to the allegations in the last sentence, Federal Defendants admit that Newport is one of several locations that have been called the "Sailing Capital of the World" and that Newport's history includes holding the America's Cup and the Volvo Ocean races on several occasions. Federal Defendants deny the remaining allegations in Paragraph 27.

28. Federal Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 28.  Federal Defendants deny the allegations in the third sentence.  Federal Defendants admit that the turbines will be a maximum of 840 feet above mean sea level.  Federal Defendants deny any remaining allegations.

29. Federal Defendants deny the allegations in Paragraph 29.

1. Federal Defendants deny the allegations in Paragraph 1.[1]

2. Federal Defendants deny the allegations in Paragraph 2.

3. Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants deny the allegations in Paragraph 4.

5. Federal Defendants deny the allegations in Paragraph 5.

6. Federal Defendants deny the allegations in Paragraph 6.

7. Federal Defendants deny the allegations in Paragraph 7.

8. Federal Defendants incorporate and restate the responses to all previous paragraphs as if fully set forth herein.

---

[1] After Paragraph 29, Plaintiff began numbering the paragraphs beginning again at Paragraph 1. Federal Defendants replicate that numbering scheme here to avoid confusion.

9.   Federal Defendants incorporate and restate the responses to all previous paragraphs as if fully set forth herein.

10.  The allegations in Paragraph 10 characterize NEPA and the NHPA and those statutes' implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 10 are inconsistent with the referenced statues and regulations, they are denied.

11.  The allegations in Paragraph 11 consist of legal conclusions, to which no response is required. To the extent which a response is required, Federal Defendants admit that BOEM is a federal agency and that BOEM acted with respect to certain requests for authorization from South Fork. Federal Defendants deny any remaining allegations in Paragraph 11.

12.  Federal Defendants deny the allegations in Paragraph 12.

13.  Federal Defendants deny the allegations in Paragraph 13.

14.  Federal Defendants deny the allegations in Paragraph 14.

15.  Federal Defendants deny the allegations in Paragraph 15.

16.  Federal Defendants deny the allegations in Paragraph 16.

17.  Federal Defendants deny the allegations in Paragraph 17.

18.  Federal Defendants deny the allegations in Paragraph 18.

19.  Federal Defendants deny the allegations in Paragraph 19.

20.  Federal Defendants incorporate and restate the responses to all previous paragraphs as if fully set forth herein.

21.  The allegations in Paragraph 21 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the

extent the allegations in Paragraph 21 are inconsistent with the referenced statute and regulations, they are denied.

22. The allegations in Paragraph 22 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that BOEM undertook Section 106 consultation and deny any remaining allegations.

23. Federal Defendants deny the allegations in Paragraph 23.

24. Federal Defendants deny the allegations in Paragraph 24.

25. Federal Defendants deny the allegations in Paragraph 25.

26. Federal Defendants deny the allegations in Paragraph 26.

27. Federal Defendants deny the allegations in Paragraph 27.

28. Federal Defendants incorporate and restate the responses to all previous paragraphs as if fully set forth herein.

29. The allegations in Paragraph 29 characterize the NHPA, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 29 are inconsistent with the referenced statute, they are denied.

30. Federal Defendants deny the allegations in Paragraph 30.

31. Federal Defendants deny the allegations in Paragraph 31.

32. Federal Defendants deny the allegations in Paragraph 32.

33. Federal Defendants deny the allegations in Paragraph 33.

The remaining paragraphs of Plaintiff's Complaint consist of requests for relief, to which no response is required. To the extent that the allegations are deemed factual, they are denied. Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**DEFENSES**

1. Plaintiff lacks standing to raise some or all of the claims in the Complaint.

2. Plaintiff has waived certain claims.

3. The relief sought by Plaintiff is barred in whole or in part by the statute of limitations.

4. The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

Wherefore, Federal Defendants request that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants, and grant other relief as the Court deems necessary or appropriate.

Dated: February 2, 2024

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

/s Devon Lehman McCune
DEVON L. McCUNE, Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1487
Email: devon.mccune@usdoj.gov

ESOSA AIMUFUA
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-532-3818
Email: Esosa.Aimufua@usdoj.gov

OF COUNSEL
Stephen R. Vorkoper
Kathryn M. Sarver
United States Department of the Interior
Office of the Solicitor