IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRESERVATION SOCIETY OF NEWPORT COUNTY, and SOUTHEAST LIGHTHOUSE FOUNDATION,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>   *Defendants*,<br><br>  and<br><br>SOUTH FORK WIND, LLC,<br><br>   *Defendant-Intervenor*. | Case No.: 1:23-cv-03510-APM |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF SOUTHEAST LIGHTHOUSE FOUNDATION'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Deb Haaland, in her official capacity as Secretary of the Interior ("Secretary"); the United States Department of the Interior ("Department"); and the Bureau of Ocean Energy Management ("BOEM") (collectively, "Federal Defendants"), by and through their undersigned counsel, submit the following Answer to the claims and allegations set forth in the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1)[1] filed by Plaintiff Southeast Lighthouse Foundation ("Plaintiff").

---

[1] The Complaint was filed in Case No. 1:23-cv-3514, which has since been consolidated with 1:23-cv-3510.

1

Federal Defendants deny any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer. The responses are numbered to correspond to the Paragraph numbers in the Complaint.

1. The allegations in Paragraph 1 are Plaintiff's description of itself and characterizations of this lawsuit to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny any violation of law.

2. The allegations in Paragraph 2 are characterizations of Plaintiff's claims in this case to which no response is required. To the extent a response is required, Federal Defendants admit that Plaintiff has brought suit alleging violation of law, but deny any violation of law.

3. Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6. The allegations in Paragraph 6 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

7. The allegations in Paragraph 7 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that venue is proper but deny any remaining allegations.

8. Federal Defendants admit that the Southeast Lighthouse is a National Historic Landmark. Federal Defendants deny that the Southeast Lighthouse is located within the Town of New Shoreham. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence of Paragraph

|     |     |
| --- | --- |
|     | 8 and, on that basis, deny those allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 8. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 8 and, on that basis, deny those allegations. |
| 9.  | Federal Defendants admit that Deb Haaland is the Secretary of the U.S. Department of the Interior and that she is sued in her official capacity. The remainder of the allegations in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. |
| 10. | Federal Defendants admit the allegations in Paragraph 10. |
| 11. | Federal Defendants admit the allegations in Paragraph 11. |
| 12. | Federal Defendants admit that Plaintiff participated as a consulting party during the NHPA review process.  The remaining allegations in Paragraph 12 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. |
| 13. | The allegations in Paragraph 13 quote the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 13 are inconsistent with the referenced statute, they are denied. |
| 14. | The allegations in Paragraph 14 characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 14 are inconsistent with the referenced statute, they are denied. |
| 15. | The allegations in Paragraph 15 characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 15 are inconsistent with the referenced statute, they are denied. |

16. The allegations in Paragraph 16 characterize NEPA and its implementing regulations, which speaks for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 16 are inconsistent with the referenced statute and regulations, they are denied.

17. The allegations in Paragraph 17 characterize the National Historic Preservation Act ("NHPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 17 are inconsistent with the referenced statute, they are denied.

18. The allegations in Paragraph 18 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 18 are inconsistent with the referenced statute and regulations, they are denied.

19. The allegations in Paragraph 19 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 19 are inconsistent with the referenced statute and regulations, they are denied.

20. The allegations in Paragraph 20 characterize the NHPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 20 are inconsistent with the referenced statute, they are denied.

21. Federal Defendants admit that Southeast Lighthouse is located on Block Island. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, on that basis, deny the allegations.

22. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, deny the allegations.

23. Federal Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 are vague and ambiguous as to the Congressional, federal, state, local, or other "steps," and on these bases Federal Defendants deny the allegations.

25. The allegations in the first sentence of Paragraph 25 are vague and ambiguous as they purport to characterize unidentified designations, registrations, and recognitions by the Department of the Interior, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced unidentified designations, registrations, and recognitions, they are denied. The allegations in the second sentence of Paragraph 25 characterize and quote books, which speak for themselves and are the best evidence of their contents. To the extent the allegations in the second sentence of Paragraph 25 are inconsistent with the referenced books, they are denied.

27. [2]Federal Defendants admit that the Southeast Lighthouse National Historic Landmark is a lighthouse that overlooks the Atlantic Ocean. The allegations in the second sentence of Paragraph 27 characterize and quote a book, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 27 are inconsistence with the referenced book, they are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, on that basis, deny the allegations.

---

[2] After Paragraph 25, Plaintiff appears to have inadvertently omitted Paragraph 26. Federal Defendants' Answer replicates that omission to avoid confusion.

28. The allegations in the first sentence of Paragraph 28 characterize a Nature Conservancy webpage, which speaks for itself and is the best evidence of its content. To the extent the allegations in the first sentence of Paragraph 28 are inconsistent with the referenced webpage, they are denied. The allegations in the second and third sentences of Paragraph 28 characterize New York Times articles dated July 8, 2005, and September 10, 2009, respectively, which speak for themselves and are the best evidence of their contents. To the extent the allegations in the second and third sentences are inconsistent with the referenced articles, they are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, deny the allegations.

29. Federal Defendants admit that the Block Island Wind Farm includes five turbines. Federal Defendants aver that parts of the Block Island Wind Farm are located approximately 3.8 miles from the Southeast Lighthouse National Historic Landmark. The allegation that the Block Island Wind Farm is a "test project" is vague and ambiguous as to what is being tested, and on these bases Federal Defendants deny the allegations. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 regarding the Block Island Wind Farm's ownership or Ørsted's plans and, on that basis, deny the allegations. The remaining allegations in Paragraph 29 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

30. Federal Defendants admit the first and second sentences of Paragraph 30.  Federal Defendants deny the third sentence of Paragraph 30.  Federal Defendants admit that the

turbines will be a maximum of 840 feet above mean sea level. Federal Defendants deny any remaining allegations in Paragraph 30.

31. Federal Defendants deny the allegations in Paragraph 31.

32. Federal Defendants deny the allegations in Paragraph 32.

33. Federal Defendants deny the allegations in Paragraph 33.

34. Federal Defendants deny the allegations in Paragraph 34.

35. Federal Defendants deny the allegations in Paragraph 35.

36. Federal Defendants deny the allegations in Paragraph 36.

37. Federal Defendants deny the allegations in Paragraph 37.

38. Federal Defendants incorporate and restate the responses to Paragraphs 1-38 as if fully set forth herein.

39. Federal Defendants incorporate and restate the responses to Paragraphs 1-39 as if fully set forth herein.

40. The allegations in Paragraph 40 characterize NEPA and the NHPA and those statutes' implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 40 are inconsistent with the referenced statues and regulations, they are denied.

41. The allegations in Paragraph 41 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that BOEM is a federal agency and that BOEM acted with respect to certain requests for authorization from Revolution Wind. Federal Defendants deny any remaining allegations in Paragraph 41.

42. Federal Defendants deny the allegations in Paragraph 42.

43. Federal Defendants deny the allegations in Paragraph 43.

44. Federal Defendants deny the allegations in Paragraph 44.

45. Federal Defendants deny the allegations in Paragraph 45.

46. Federal Defendants deny the allegations in Paragraph 46.

47. Federal Defendants deny the allegations in Paragraph 47.

48. Federal Defendants deny the allegations in Paragraph 48.

49. Federal Defendants deny the allegations in Paragraph 49.

50. Federal Defendants incorporate and restate the responses to Paragraphs 1-50 as if fully set forth herein.

51. The allegations in Paragraph 51 characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 51 are inconsistent with the referenced statute and regulations, they are denied.

52. The allegations in Paragraph 52 consist of legal conclusions, to which no response is required. To the extent a response is required, admit that BOEM undertook Section 106 consultation but deny any remaining allegations.

53. Federal Defendants deny the allegations in Paragraph 53.

54. Federal Defendants deny the allegations in Paragraph 54.

55. Federal Defendants deny the allegations in Paragraph 55.

56. Federal Defendants deny the allegations in Paragraph 56.

57. Federal Defendants deny the allegations in Paragraph 57.

58. Federal Defendants incorporate and restate the responses to Paragraphs 1-58 as if fully set forth herein.

59.   The allegations in Paragraph 59 characterize the NHPA, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 59 are inconsistent with the referenced statute, they are denied.

60.   Federal Defendants deny the allegations in Paragraph 60.

61.   Federal Defendants deny the allegations in Paragraph 61.

62.   Federal Defendants deny the allegations in Paragraph 62.

63.   Federal Defendants deny the allegations in Paragraph 63.

The remaining Paragraphs of Plaintiff's Complaint consist of requests for relief, to which no response is required. To the extent that the allegations are deemed factual, they are denied. Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## DEFENSES

1.   Plaintiff lacks standing to raise some or all of the claims in the Complaint.

2.   Plaintiff has waived certain claims.

3.   The relief sought by Plaintiff is barred in whole or in part by the statute of limitations.

4.   The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

Wherefore, Federal Defendants request that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Federal Defendants, and grant other relief as the Court deems necessary or appropriate.

Respectfully submitted this 2nd day of February, 2024,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*s/ Devon Lehman McCune*
DEVON L. McCUNE, Senior Trial Attorney

CO Bar #33223
United States Department of Justice
Environment & Natural Resources Div.
Natural Resources Section
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
Tel:  303-844-1487
Fax:  303-844-1350
Email:  devon.mccune@usdoj.gov

ESOSA AIMUFUA
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-532-3818
Fax: 202-305-0506
Email: Esosa.Aimufua@usdoj.gov

OF COUNSEL
Stephen R. Vorkoper
Kathryn M. Sarver
United States Department of the Interior
Office of the Solicitor